**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAWN SMITH,** | ) | **CASE NO.1:06CV2923** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CARL ANDERSON, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner Shawn Smith's Petition Under 28

U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).  For

the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report

and Recommendation and denies Petitioner's petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's

Report and Recommendation adopted and incorporated, provides a more complete and

detailed discussion of the facts.  Petitioner  was indicted by the July 1991 Term of the

Portage County Grand Jury on two counts of Attempted Aggravated Murder, in violation

1

of Ohio Revised Code §2903.01(A) and (C),and 2923.02 (A) and (E), each with a

Firearm Specification; one count of Felonious Assault in violation of Ohio Revised Code

§2903.11(A)(2) and (B); and one count of Breaking and Entering in violation of Ohio

Revised Code §2911.13(B) and (C).  On March 16, 1992, as the case was proceeding

to trial, Petitioner signed a negotiated plea of guilty to two counts of Attempted

Aggravated Murder, one  count of Felonious Assault and one count of Breaking and

Entering.

On the same day, Petitioner  was sentenced to seven to twenty-five years for the

first count of Attempted Aggravated Murder, seven to twenty-five years for the second

count of Attempted Aggravated Murder, to run concurrent with count one; eight to fifteen

years for the count of Felonious Assault with a three  year consecutive sentence for the

gun specification, and one  year for the count of Breaking and Entering, which is to run

consecutive to all other counts.  Petitioner did not appeal his conviction.

On October 26, 2001, Petitioner filed a Motion to Withdraw Guilty Plea.  On June

22, 2004, the Portage County Common Pleas Court denied Petitioner's motion. On

August 17, 2004, Petitioner  filed a Notice of Appeal in the Eleventh District Court of

Appeals, Portage County, Ohio, appealing the trial court's June 22, 2004, denial of his

Motion to Withdraw Guilty Plea.   On September 16, 2005, the Court issued its opinion

and judgment and affirmed the trial court's judgment.

On November 3, 2005, Petitioner appealed to the Ohio Supreme Court.  On

February 8, 2006, the Ohio Supreme Court denied Petitioner's Appeal and dismissed

the appeal.  On December 5, 2006, Petitioner filed the instant Petition for a Writ of

Habeas corpus asserting the following claims:

2

**GROUND ONE:** IT IS A DENIAL OF DUE PROCESS OF LAW FOR THE STATE TO INDUCE A PLEA TO FELONY CHARGES BY MAKING A CLEAR AND UNAMBIGUOUS PROMISE AND THEN VIOLATING THAT PROMISE.

**GROUND TWO:** WHEN THE CRITERIA BY WHICH PAROLE WILL BE CONSIDERED IS A CRITICAL PART OF THE NEGOTIATIONS FOR A PLEA TO CRIMINAL CHARGES, MEANINGFUL CONSIDERATION OF PAROLE REQUIRES THAT THE CRITERIA IN EFFECT AT THE TIME OF THE PLEA MUST BE APPLIED TO THE CONSIDERATION OF PAROLE.

**GROUND THREE:** PETITIONER SHOULD BE GRANTED EITHER SPECIFIC PERFORMANCE, OR, IN THE ALTERNATIVE, A NEW TRIAL, BECAUSE THE STATE OF OHIO UNEQUIVOCALLY AND ADMITTEDLY VIOLATED THE TERMS OF THE PLEA AGREEMENT UPON WHICH PETITIONER RELIED IN ENTERING PLEAS OF GUILT.

**GROUND FOUR:** PETITIONER SHOULD HAVE BEEN GIVEN A NEW TRIAL BECAUSE THE ADULT PAROLE AUTHORITY, AN AGENT OF THE STATE, VIOLATED THE PLEA AGREEMENT UPON WHICH PETITIONER RELIED IN ENTERING THE PLEA, BY REFUSING TO CONSIDER HIM FOR PAROLE UNDER THE GUIDELINES IN EFFECT AT THE TIME HE ENTERED THE PLEA.

On February 7, 2007, this Court referred Petitioner's petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on August 22, 2008.  Petitioner filed his Objections to the Report and Recommendation on September 30, 2008.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may

3

grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F.3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the  report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Magistrate Judge determined that a writ may issue only when a state appeals court correctly identifies the governing legal principle applicable to the petitioner's claim but then unreasonably applies that principle to the facts of the case. The correct test here is whether the state court decision was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams v. Taylor*, 529 U.S. 362, 407-08, 409-11 (2000).  Clearly established federal law holds that for a guilty plea to be valid it must be voluntary and a "knowing intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748

4

(1970).

However, it is equally clear that any promise by the prosecutor that a defendant would later seek to enforce must be made known to the court at the time the plea is accepted.  "It is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties."  *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986).  The Court finds that the written plea agreement and the plea colloquy do not show the existence of a promise by the State  not to communicate with the Adult Parole Authority,("APA").  The Court agrees that a plea agreement must consist of the terms revealed in open court.

Petitioner now argues  that the existence of a promise by the State not to communicate with the APA is fully established by deposition evidence presented later and is, in fact, not contested.  However, as the Magistrate Judge points out, Petitioner does not provide a basis by which this Court can overlook the fact that he did not bring any of this to the attention of the trial court at the plea hearing.  The record shows the trial court directly asked if there were any other promises beyond what had been disclosed that had been made to Petitioner to induce the plea.  The Court finds his failure to offer any reason why he did not inform the court when asked about any additional promises, shows that the state court did not unreasonably apply clearly established federal law by holding that Petitioner's enforceable plea agreement only consisted of the terms stated in the written plea agreement and in open court.

Additionally, in Petitioner's Fourth Ground for Relief, he states the APA violated the plea agreement for not giving him parole consideration under the terms in effect at the time of the plea.  The Court agrees with Respondent that Petitioner could not obtain

5

relief because "neither in his brief nor at oral argument was petitioner able to point to any express representations made to him or to any specific reference in the plea agreement itself indicating that the Parole Commission was a party to or was in any way intended to be bound by the terms agreed upon between himself and the government." *Augustine v. Brewer*, 821 F.2d 365 (7th Cir. 1987). Here, Petitioner is unable to show the APA was in any way bound to the terms of the plea agreement. The Court agrees that Petitioner cannot try to now enforce terms that were not included in the plea agreement.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation. Therefore, Petitioner's Petition under 28 U.S.C §2254 for Writ of Habeas Corpus by a Person in State Custody is denied.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

February 6, 2009                    s/Christopher A. Boyko
Date                                CHRISTOPHER A. BOYKO
                                    United States District Judge

6